919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard BRADFORD-BEY, Plaintiff-Appellant,
v.
Theodore H. KOEHLER, Travis Jones, Defendants-Appellees.
 No. 90-1240.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Leonard Bradford-Bey, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Bradford-Bey sued these state prison officials in their individual capacities alleging that during various months from December 1983 through November 1988 he was denied out-of-cell exercise and was confined to his cell for twenty-four hours a day.
 
 
 3
 Defendants filed a motion for summary judgment and Bradford-Bey filed a response. The magistrate recommended that the defendants' motion be granted, finding that Bradford-Bey's rights had not been violated because the limitations placed on his out-of-cell movements were reasonable and in accord with prison regulations. The magistrate also found that defendants had no personal involvement in the alleged deprivation, and that the defendants would be entitled to qualified immunity. The district court adopted the magistrate's recommendation after reviewing Bradford-Bey's objections.
 
 
 4
 On appeal, Bradford-Bey reasserts his claim and requests the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report dated October 17, 1989, as adopted by the district court on January 12, 1990.
 
 
 6
 We note that in actuality defendants are being sued in their official capacities because the alleged wrongdoing, denying Bradford-Bey out-of-cell exercise, fell within the authorized scope of the defendants' official duties. Therefore, because Bradford-Bey sought only monetary damages from the defendant, they are not subject to suit under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.